# Exhibit A

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
09/24/2026
CT Log Number 553467566

## Service of Process Transmittal Summary

**TO:** Geneau M. Thames, Assistant Vice President
The Harford Mutual Insurance Company
200 N MAIN ST
BEL AIR, MD 21014-3544

**RE:** **Process Served in Virginia**

**FOR:** Firstline Insurance Company (Domestic State: MD)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

**TITLE OF ACTION:** INDIANA FLOOR, INC. D/B/A HOSSAIN ESMAEILI LLC vs. FIRSTLINE INSURANCE COMPANY

**CASE #:** 107CL2600570200

**NATURE OF ACTION:** Insurance Litigation

**PROCESS SERVED ON:** C T Corporation System, Glen Allen, VA

**DATE/METHOD OF SERVICE:** By Process Server on 09/24/2026 at 15:27

**JURISDICTION SERVED:** Virginia

**ACTION ITEMS:** CT will retain the current log

Image SOP

Email Notification, Geneau M. Thames gthames@hm1842.com

Email Notification, Legal Team legal@hm1842.com

**REGISTERED AGENT CONTACT:** C T Corporation System
4701 Cox Road, Suite 285
Glen Allen, VA 23060
866-539-8692
CorporationTeam@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

# PROCESS SERVER DELIVERY DETAILS

**Date:** Thu, Sep 24, 2026
**Server Name:** Drop Service

| | |
|---|---|
| Entity Served | FIRSTLINE INSURANCE COMPANY |
| Case Number | CL26005702-00 |
| Jurisdiction | VA |

| Inserts | | |
|---|---|---|
| | | |

# COMMONWEALTH OF VIRGINIA

LOUDOUN CIRCUIT COURT
Civil Division
18 E MARKET ST/PO BOX 550
LEESBURG VA 20178-0550
(703) 777-0270

Summons

To: FIRSTLINE INSURANCE COMPANY
SPECIAL PROCESS SERVICE
R/A CT CORPORATION SYSTEM
4701 COX RD, STE 285
GLEN ALLEN VA 23060

Case No. 107CL26005702-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Friday, September 18, 2026

Clerk of Court: GARY M CLEMENS

by ______________________
(CLERK/DEPUTY CLERK )

Instructions: COMPLAINT AND JURY DEMAND

Hearing Official:

Attorney's name: GEORGE E KOSTEL, ESQ
703-842-0660
3101 WILSON BLVD, STE 500
ARLINGTON VA 22201

# COVER SHEET FOR FILING CIVIL ACTIONS

COMMONWEALTH OF VIRGINIA

Case No. CL 26 - 5707
(CLERK'S OFFICE USE ONLY)

LOUDOUN COUNTY ........................ Circuit Court

Indiana Floor Inc. DBA Hossain Esmaeili LLC ........ v./In re: ........ Firstline Insurance Company
PLAINTIFF(S) DEFENDANT(S)

I, the undersigned [ ] plaintiff [ ] defendant [ ] attorney for [ ] plaintiff [ ] defendant hereby notify the Clerk of Court that I am filing the following civil action. (Please indicate by checking box that most closely identifies the claim being asserted or relief sought.)

## GENERAL CIVIL

**Subsequent Actions**

[ ] Claim Impleading Third Party Defendant
  [ ] Monetary Damages
  [ ] No Monetary Damages
[ ] Counterclaim
  [ ] Monetary Damages
  [ ] No Monetary Damages
[ ] Cross Claim
[ ] Interpleader
[ ] Reinstatement (other than divorce or driving privileges)
[ ] Removal of Case to Federal Court

**Business & Contract**

[ ] Attachment
[ ] Confessed Judgment
[x] Contract Action
[ ] Contract Specific Performance
[ ] Detinue
[ ] Garnishment

**Property**

[ ] Annexation
[ ] Condemnation
[ ] Ejectment
[ ] Encumber/Sell Real Estate
[ ] Enforce Vendor's Lien
[ ] Escheatment
[ ] Establish Boundaries
[ ] Landlord/Tenant
  [ ] Unlawful Detainer
[ ] Mechanics Lien
[ ] Partition
[ ] Quiet Title
[ ] Termination of Mineral Rights

**Tort**

[ ] Asbestos Litigation
[ ] Compromise Settlement
[ ] Intentional Tort
[ ] Medical Malpractice
[ ] Motor Vehicle Tort
[ ] Product Liability
[ ] Wrongful Death
[ ] Other General Tort Liability

## ADMINISTRATIVE LAW

[ ] Appeal/Judicial Review of Decision of (select one)
  [ ] ABC Board
  [ ] Board of Zoning
  [ ] Compensation Board
  [ ] DMV License Suspension
  [ ] Employee Grievance Decision
  [ ] Employment Commission
  [ ] Local Government
  [ ] Marine Resources Commission
  [ ] School Board
  [ ] Voter Registration
  [ ] Other Administrative Appeal

## DOMESTIC/FAMILY

[ ] Adoption
  [ ] Adoption – Foreign
[ ] Adult Protection
[ ] Annulment
  [ ] Annulment – Counterclaim/Responsive Pleading
[ ] Child Abuse and Neglect – Unfounded Complaint
[ ] Civil Contempt
[ ] Divorce (select one)
  [ ] Complaint – Contested*
  [ ] Complaint – Uncontested*
  [ ] Counterclaim/Responsive Pleading
  [ ] Reinstatement – Custody/Visitation/Support/Equitable Distribution
[ ] Separate Maintenance
  [ ] Separate Maintenance Counterclaim

## WRITS

[ ] Certiorari
[ ] Habeas Corpus
[ ] Mandamus
[ ] Prohibition
[ ] Quo Warranto

## PROBATE/WILLS AND TRUSTS

[ ] Accounting
[ ] Aid and Guidance
[ ] Appointment (select one)
  [ ] Guardian/Conservator
  [ ] Standby Guardian/Conservator
  [ ] Custodian/Successor Custodian (UTMA)
[ ] Trust (select one)
  [ ] Impress/Declare/Create
  [ ] Reformation
[ ] Will (select one)
  [ ] Construe
  [ ] Contested

## MISCELLANEOUS

[ ] Amend Birth/Death Certificate
[ ] Appointment (select one)
  [ ] Church Trustee
  [ ] Conservator of Pe
  [ ] Marriage Celebra
[ ] Approval of Transfer Structured Settlement
[ ] Bond Forfeiture App
[ ] Declaratory Judgment
[ ] Declare Death
[ ] Driving Privileges (select one)
  [ ] Reinstatement pursuant to § 46.2-427
  [ ] Restoration – Hab al Offender or 3rd Offense
[ ] Expungement
[ ] Firearms Rights – Restoration
[ ] Forfeiture of Property or Money
[ ] Freedom of Informat
[ ] Injunction
[ ] Interdiction
[ ] Interrogatory
[ ] Judgment Lien-Bill in Enforce
[ ] Law Enforcement/Pu e Official Petition
[ ] Name Change
[ ] Referendum Election
[ ] Sever Order
[ ] Taxes (select one)
  [ ] Correct Erroneous State/Local
  [ ] Delinquent
[ ] Vehicle Confiscation
[ ] Voting Rights – Restoration
[ ] Other (please specify)

[ ] Damages in the amount of $ 1,003,340.91 ........ are claimed.

8/28/2026 — DATE

George Kostel (signature)
[ ] PLAINTIFF [ ] DEFENDANT [x] ATTORNEY FOR [x] PLAINTIFF [ ] DEFENDANT

George F. Kostel, VSB 34757
PRINT NAME

3101 Wilson Blvd., Suite 500
Arlington, VA 22201
ADDRESS/TELEPHONE NUMBER OF SIGNATOR

georgekostel@impresalegal.com
EMAIL ADDRESS OF SIGNATOR (OPTIONAL)

*"Contested" divorce means any of the follo g matters are in dispute: grounds of divorce, spousal support d maintenance, child custody and/or visitation, child support, operty distribution or debt allocation. An "Uncontested" divorce filed on no fault grounds and none of the above issues are in ute.

VIRGINIA:

IN THE CIRCUIT COURT OF LOUDOUN COUNTY

| | | |
|---|---|---|
| INDIANA FLOOR, INC. D/B/A HOSSAIN ESMAEILI LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: CL 26-5702 |
| v. | ) | |
| | ) | |
| FIRSTLINE INSURANCE COMPANY | ) | |
| **Serve:** | ) | |
| Registered Agent | ) | |
| CT Corporation System | ) | |
| 4701 Cox Rd Ste 285 | ) | |
| Glen Allen, VA, 23060 | ) | |
| Defendant. | ) | |

**COMPLAINT AND JURY DEMAND**

Plaintiff Indiana Floor Inc. d/b/a Hossain Esmaeili LLC ("Plaintiff"), by counsel, pursuant to Rule 3:2 of the Rules of the Supreme Court of Virginia, brings the following original complaint against Defendant, Firstline Insurance Company ("Firstline"), and in support, alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff is a Virginia limited liability company authorized to conduct business in the Commonwealth of Virginia with its principal place of business at 8194 Terminal Rd. Lorton, VA 22079.

2. Plaintiff owns and has an insurable interest in the commercial property located at 45500 Ruritan Circle, Sterling, VA 20164 (the "Property").

3. Defendant Firstline is a Maryland corporation authorized to do business in the Commonwealth of Virginia and transacting business here. Among other activities, Firstline issues property insurance policies to Virginia residents.

4. Firstline may be served by service upon its registered agent CT Corporation System, 4701 Cox Rd, Ste 285, Glen Allen, VA 23060.

5. Plaintiff is the beneficiary of a property insurance policy covering the Property issued by Firstline Insurance Company with the policy number MP10785355 (the "Policy") and a policy term from June 1, 2024 to June 1, 2025.

6. Plaintiff was insured by Firstline at all times described in this Complaint.

7. At all times described in this Complaint, Firstline was engaged in the business of insurance in the Commonwealth of Virginia.

8. The Policy which forms the basis of this action was issued by Firstline in the Commonwealth of Virginia for the protection of real property located in the Commonwealth of Virginia.

9. All relevant acts described in this Complaint occurred in the Commonwealth of Virginia; under Virginia law; and involved an insurance policy governed by Virginia law.

10. This Court has subject matter jurisdiction over this dispute pursuant to Va. Code. § 17.1-513 because the cause of action arose in Virginia and the amount in controversy exceeds $50,000, exclusive of interest and costs.

11. Venue is proper in this Court because, among other things, the property that is the subject of this dispute and the events and occurrences that are the subject of this dispute occurred in Loudoun County. In addition, the causes of action arise out of an insurance policy issued in Virginia and governed by Virginia law.

## GENERAL ALLEGATIONS

12. Plaintiff realleges and incorporates by reference the foregoing allegations of this Complaint as if fully set forth herein.

13. The Policy provides coverage for direct physical loss of or damage to the Property caused by or resulting from covered causes of loss, including damage resulting from hail/wind storms. See ***Exhibit "1"*** annexed hereto (*see, e.g.*, pp. 12, 87, 91, 118 of PFF)

14. The Policy provides coverage for damage to the Property on a replacement cost basis.

15. Under the Policy's loss payment provision, Firstline is generally required to pay for the cost to repair or replace damage to the Property with other property of like kind and quality, up to the coverage limit, without deduction for depreciation.

16. Additionally, the Policy provides coverage for the increased costs incurred to comply with ordinances or laws in the course of repairing, rebuilding, or replacing damaged parts of the Property.

17. During the Policy term from June 1, 2024 to June 1, 2025, the limit of such replacement cost coverage was $2,493,500.

18. On or about August 29, 2024, a severe hail/wind storm struck the Sterling, Virginia area. According to meteorological data provided to Firstline, wind speeds up to 45 mph and hail up to 2 inches were experienced at the Property address and surrounding Sterling area.

19. During the storm, the Property was severely damaged by, among other things, severe wind gusts and hail. The damage included damage to the Property's metal roofing, insulation, and other aspects of the exterior.

20. Following the discovery of the damage, Plaintiff filed a claim with Firstline under the Policy. Firstline assigned claim number CP24001484 to the claim (the "Claim").

21. Firstline also assigned an independent adjuster from Davies North America, Brandon Long, to adjust the Claim.

22. On or about April 9, 2026, Plaintiff retained a contractor from National Commercial Restoration ("NCR"), Chris Cook, to assist on the claim.

23. On or about May 8, 2026, the adjuster and structural engineer assigned by Firstline performed an inspection of the Property at the same time as Plaintiff's contractor.

24. On or about May 11, 2026, Firstline's assigned structural engineer provided a report of their findings.

25. On or about June 2, 2026, Firstline issued their first denial of the claim with written correspondence stating:

> The investigation shows that the roof has not suffered from hail, or any other cause of loss, therefore we must respectfully deny your claim and no compensation can be offered under this policy.

See ***Exhibit "2"*** annexed hereto.

26. On or about June 2, 2026, Plaintiff retained a public adjuster, Ray Demeritt, to assist with the adjustment of the claim. Mr. Demeritt requested a re-inspection of the property with Firstline's assigned structural engineer present.

27. On or about June 24, 2026, the re-inspection with both the Plaintiff's public adjuster and Firstline's structural engineer was completed.

28. On or about June 30, 2026, Firstline's assigned structural engineer provided a second report of their findings after the re-inspection of the Property, where he maintained his previous stance.

29. On or about July 2, 2026, Firstline issued its second denial of the claim with written correspondence stating:

> After reviewing the updated report and supporting documentation, we must respectfully maintain our prior claim decision. The engineer's reinspection findings support the original conclusion, and we reaffirm that no compensation can be offered at this time.

30. On or about July 2, 2026, Plaintiff's public adjuster, Ray Demeritt, provided the carrier with a detailed estimate regarding the adjustment of the claim and a full photo report demonstrating the damage to the Property caused by hail, including over 90 references to hail damage. See ***Exhibit "3"*** annexed hereto.

31. As a result of Firstline's wrongful acts and omissions, Plaintiff was forced to retain the professional services of roofing contractors, inspectors and engineering and law firms with respect to these causes of action and to assist in the Claim.

32. Firstline wrongfully and unreasonably alleged the damage was due to "wear and tear" and "improper installation" when it had specific information that this was not true.

33. The Claim was unreasonably denied and delayed because Firstline wrongfully refused to issue any payment to repair the obvious hail/wind damage the storm caused to the Property and elected to ignore significant areas of damage to the Property. Despite receiving information from professionals and roofing specialists on Plaintiff's behalf supporting the covered peril and date of loss claimed, Firstline refused to reconsider, even upon reinspection, and continues to deny coverage and policy benefits.

34. To date, Firstline has not paid any insurance benefits to Plaintiff in connection with damage to the property that Firstline and its agents personally observed.

35. The hail/wind damage to the Property was open and obvious.

36. Upon information and belief, given the extensive hail/wind damage to the Property's roof system, the metal roofs require replacement.

37. Upon information and belief, repairs for hail/wind damage to other aspects of the exterior of the Property (such as insulation) is also required.

38. Upon information and belief, Plaintiff's public adjuster estimated the cost to repair the hail/wind damage to the Property is approximately $1,003,340.91.

39. To date, Plaintiff has not been able to complete the work required because Firstline wrongfully refuses to issue any payment sufficient to repair the damage the storm caused to the Property, failed to address significant areas of damage to the Property, and failed to provide any payment for all coverage implicated in the Plaintiff's loss. Furthermore, any Policy benefits that should have been provided were unreasonably delayed because Firstline continuously refused to tender payment to perform the replacement and/or repairs necessary to put Plaintiff back in its pre-loss condition.

40. Firstline wrongfully denied Plaintiff's claim for repairs to the Property even though the Policy provided coverage for losses such as those suffered by the Plaintiff. Firstline Insurance also failed to adequately investigate the Plaintiff's claim for damages, resulting in significant and unreasonable delays in the handling of the Claim.

41. Firstline failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy for the damages sustained to the Property, although due demand was made for proceeds to be paid in an amount sufficient to cover damage claimed to the Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by the Plaintiff.

42. Firstline's refusal to pay the Claim in full despite there being coverage for the loss and by failing and refusing to negotiate and/or adjust the claim in accordance with the Policy and the relevant statutory provisions under Virginia law amounts to bad faith.

43. Firstline's conduct constitutes a breach of the insurance contract between it and Plaintiff.

44. Plaintiff has satisfied all conditions precedent to the filing of this action or alternatively all such conditions precedent were waived in whole or in part by Firstline.

45. To the best of Plaintiff's knowledge and belief, Plaintiff has substantially complied with all of the Policy's conditions.

**COUNT I (BREACH OF INSURANCE CONTRACT)**

46. Plaintiff realleges and incorporates by reference the foregoing allegations of this Complaint as if fully set forth herein.

47. A contract of insurance existed between Firstline and Plaintiff; namely, the Policy. The Policy constitutes a valid and enforceable agreement supported by consideration.

48. The Policy provides replacement cost coverage, which, according to Firstline, pays the cost to repair or replace the damaged property, subject to the Policy's limit of liability.

49. The Policy requires Firstline Insurance to pay replacement cost benefits for covered losses.

50. The Policy requires Plaintiff to pay insurance premiums in exchange for replacement cost coverage, which Plaintiff did.

51. Hail/wind damage is a covered loss under the Policy.

52. The weather event and the damage caused by such weather event, both of which are described above, constitute a covered loss under the Policy.

53. Firstline has breached its obligations under the Policy.

54. The breaches of contract by Firstline includes, but is not limited to, the breach of duty to timely adjust the claim and failing to adjust the claim in accordance with contractual obligation to do so in good faith and fair dealing.

55. Firstline refused to issue an estimate detailing coverage to damaged property and arbitrarily and unreasonably refused to pay this otherwise valid and complete claim.

56. Firstline failed to perform a reasonable investigation of the facts and circumstances underlying the insured's claim and unreasonably relied on the insured to perform such investigation for it, which Plaintiff did.

57. The evidence and information available to Firstline (and confirmed by Plaintiff's experts) does not reasonably support its denial of liability.

58. Firstline paid no insurance benefits under the Policy.

59. Firstline did not pay what the Policy required, because Firstline determined without a reasonable basis, that it was unable to attribute hail/wind damage to certain areas of the Property that were in fact damaged by hail/wind, including the roofs and siding. Firstline also incorrectly relied on exclusions in the Policy to deny coverage for wind damage to the Property.

60. Such failures, among others, constitute a breach of contract.

61. As a result of Firstline's actions and/or inactions equating to a breach of contract, Plaintiff sustained damages in the amount of $1,003,340.91.

**COUNT II (ATTORNEY'S FEES AND COSTS - VA CODE § 38.2-209)**

62. Plaintiff realleges and incorporates by reference the foregoing allegations of this Complaint as if fully set forth herein.

63. At all times pertinent hereto, Virginia Code § 38.2–209 was in effect regarding Plaintiff's right to recover attorneys' fees and costs. Section 38.2–209 provides in part:

> Notwithstanding any provision of law to the contrary, in any civil case in which an insured individual sues his insurer to determine what coverage, if any, exists under his present policy or fidelity bond or the extent to which his insurer is liable for compensating a covered loss, the individual insured shall be entitled to recover from the insurer costs and such reasonable attorney fees as the court may award. However, these costs and attorney's fees shall not be awarded unless the court determines that the insurer, not acting in good faith, has either denied coverage or failed or refused to make payment to the insured under the policy.

64. While the statute does not create an independent cause of action for an insurer's bad faith in coverage disputes, it does provide a remedy for such denial or delay of payments in the form of "costs and such reasonable attorney fees as the court may award" if it is determined "that the insurer, not acting in good faith, has either denied coverage or failed or refused to make payment to the insured under the policy."

65. Among other things, Firstline did not act in good faith when it denied coverage or failed or refused to make payment to the insured under the policy by, including but not limited to:

- failing to perform a reasonable investigation of the facts and circumstances underlying the insured's claim;
- failing to pay the actual, necessary, and reasonable funds to repair and/or replace damaged portions of the Property caused by the weather event described above; and
- unreasonably denying Plaintiff's claim without evidence and information available in support of its denial of liability.

66. The Claim presented to Firstline was so open and obvious that any reasonable insurer would have paid the benefits necessary to perform the replacement and repairs in accordance with the industry standard and put Plaintiff's property back in pre-loss condition.

67. By refusing to provide a reasonable basis for withholding payment of benefits necessary to repair the total damage done to the Property, Firstline has unreasonably denied and delayed payment to Plaintiff in violation of Va. Code Ann. § 38.2–209.

68. Firstline is subject to the provisions of Va. Code Ann. § 38.2–209 for "costs and such reasonable attorney fees as the court may award" in addition to damages claimed elsewhere in this Complaint.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, Indiana Floor Inc d/b/a Hossain Esmaeili LLC, moves this Court to enter judgement against Defendant, Firstline Insurance and prays for damages as follows:

a. Damages for breach of contract, including the value of benefits Plaintiff was entitled to receive under the Policy that were not provided, in the amount of $1.003,340.91; consequential damages; and reasonable interest on delayed payment;

b. Compensatory damages against Firstline including economic and noneconomic damages;

c. Reasonable attorneys' fees and costs incurred in prosecuting this action pursuant to Virginia Code § 38.2–209;

d. An award of pre-judgment interest from the date of loass as well as all costs; and

e. Such other and further relief as this Court may deem just, equitable or proper.

**A JURY IS DEMANDED AS TO ALL ISSUES HEREIN.**

Respectfully submitted,

INDIANA FLOOR INC DBA
HOSSAIN ESMAEILI LLC
By Counsel

IMPRESA LEGAL GROUP

*/s/ George E. Kostel*

George E. Kostel, VSB No. 34757
Richard K. Kelsey, VSB No. 44232
georgekostel@impresalegal.com
richkelsey@impresalegal.com
3101 Wilson Boulevard, Suite 500
Arlington, VA 22201
Phone:703-842-0660
Fax 703-243-8696
Counsel for Plaintiff

**OF COUNSEL:**

DALY & BLACK, P.C.

Jessica Dent, Texas Bar No. 24121561 (*pro hac vice* to be filed)
Daly & Black, P.C.
2211 Norfolk Street, Suite 300
Houston, TX 77098
Phone: 713-482-9477
Fax: 713-655-1587
Email: jdent@dalyblack.com

HARFORD MUTUAL
INSURANCE GROUP

**Company:** **Firstline Insurance Company**

**Policy Number: MP10785355**

**Renewal Of: MP10785355**

**Named Insured and Mailing Address**

**INDIANA FLOOR, INC. HOSSAIN ESMAEILI LLC**
**P.O.BOX 1263**
**NEWINGTON, VA 22122**

**Agency Name and Address**

**5921-BAS** **CBIZ INSURANCE SERVICES INC**
**44 BALTIMORE ST**
**CUMBERLAND, MD 21502**

# POLICYHOLDER DISCLOSURE NOTICE OF TERRORISM INSURANCE COVERAGE

Applicable to the following policies and coverages if included:

Commercial Property, Commercial Liability, Commercial Inland Marine,
Commercial Crime, excluding Theft & Burglary, and Businessowners Policies

Pursuant to the Terrorism Risk Insurance Act (the "Act"), we and/or your insurance agent previously provided to you a Policyholder Disclosure Notice informing you of your right to purchase insurance coverage for losses arising out of an act of terrorism defined in the Act. The Policyholder Disclosure Notice provided to you included information regarding the federal participation in payment of terrorism losses (as restated below) and advised you of the terrorism coverage premium amount that would have been charged at that time if you had accepted the coverage for terrorism losses defined in the Act.

Upon receipt of the Policyholder Disclosure Notice, you advised us and/or your agent of your desire to reject coverage for terrorism losses as defined in the Act by signing the written statement in the Policyholder Disclosure Notice affirmatively stating your desire to waive coverage and by returning a copy of the Notice to us and/or your insurance agent. Additionally, by doing so, you have also authorized the attachment of an endorsement to your policy that excludes coverage for terrorism losses as defined in the Act. Such an exclusion endorsement now forms a part of, and is included with, your policy.

In accordance with the Act, we are required to make available coverage for losses resulting from an act of terrorism that is certified under the federal program. This coverage availability is to be disclosed to you at the time of offer and at every subsequent policy renewal (during the period of time mandated by the Act). The coverage we offer must not differ materially from the stated policy's terms, amounts, and other coverage limitations applicable to losses arising from events other than acts of terrorism defined in the Act. The policy's other provisions will still apply to such an act.

With respect to the policy referenced above, you previously requested that such coverage be rejected. However, under the requirements of the Act, you may now request that coverage for terrorism losses as defined in the Act be added to your policy. You may accept the offer of coverage for terrorism losses as defined in the act by signing and returning this notice to us and/or your insurance agent. If you should decide to accept the offer of coverage, the exclusion for such terrorism losses will be removed from your policy and your policy premium will be amended to include an additional premium charge for such coverage.

You are hereby notified that the Terrorism Risk Insurance Act, as amended in 2019, defines an act of terrorism in Section 102(1) of the Act: The term "act of terrorism" means any act or acts that are certified by the Secretary of the Treasury - in consultation with the Secretary of Homeland Security, and the Attorney General of the United States - to be an act of terrorism; to be a violent act or an act that is dangerous to human life, property, or infrastructure; to have resulted in damage within the United States, or outside the United States in the case of certain air carriers or vessels or the premises of a United States mission; and to have been committed by an individual or individuals as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

**Exhibit 1**

HARFORD MUTUAL
INSURANCE GROUP

June 2, 2026

Indiana Floor, Inc
Hossain Esmaeili LLC
PO Box 1263
Newington Va 22122

RE: Policy Number:MP10785355
Claim Number: CP24001484
Date of Loss: 08/29/2024
Insured: Indiana Floor, Inc
Location of Loss: 45500 Ruritan Circle. Sterling, VA 20164

Dear Indiana Floor, Inc.,

This letter acknowledges receipt of the claim referenced above, which has a reported loss date around August 29th,2024. The claim was reported to Firstline Insurance Company as subsidiary of Harford Mutual Insurance Group on April 20th, 2026. concerning potential hail damage to your insured building located at 45500 Ruritan Circle. Sterling Virginia 20164. The building is insured as Location 2 Building 1 under your policy number MP10785355 with the policy effective dates of June 1st,2024- June 1st, 2025.

Our investigation is now complete. We retained a structural engineer from FCG Engineering, along with an Independent adjuster from Davies North America. These experts were able to access the roof and property to perform a full inspection with your contractor, National Commercial Restoration, on May 8th, 2026. The investigation shows that the roof has not suffered from hail, or any other cause of loss, therefore we must respectfully deny your claim and no compensation can be offered under this policy

The insurance policy provides limited coverage for loss or damage to covered property caused by or resulting from a covered cause of loss. The policy, however, does not provide coverage for loss due to normal wear and tear, deterioration, or negligent work.

To illustrate our position, please refer to the below excerpt from the Building and Personal Property Coverage Form, CP0010 (1012), the Causes of Loss – Special Form, CP1030 (0917). and Commercial Property Conditions, CP0090 (0788), and the Additional Coverage Endorsement (ACE) CPHG10 (0413).

BUILDING AND PERSONAL PROPERTY
COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy, the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the company providing this insurance.
Other words and phrases that appear in quotation marks have special meaning. Refer to Section H. Definitions.

A. Coverage
We will pay for direct physical loss of or damage to Covered Property at the premises described in the

**Exhibit 2**

**National Public Adjusting LLC**

4747 Research Forest Drive Ste. 180 -180
The Woodlands, TX 77381

| | | | |
|---|---|---|---|
| Insured: | Indiana Floor Inc | E-mail: | Ray@NationalPublicAdjusting.com |
| Property: | 45500 Ruritan Circle<br>Sterling, VA 20164 | | |
| Claim Rep.: | Public Adjuster | Business: | 4747 Research Forest Drive Ste. 180 -180<br>The Woodlands, TX 77381 |
| | | Business: | (713) 714-2489 |
| Company: | National Public Adjusting LLC | E-mail: | ray@nationalpublicadjusting.com |
| Estimator: | Public Adjuster | Business: | (713) 714-2489 |
| Company: | National Public Adjusting LLC | E-mail: | ray@nationalpublicadjusting.com |
| Business: | 4747 Research Forest Drive Ste. 180 -180<br>The Woodlands, TX 77381 | | |

**Claim Number:** CP24001484 **Policy Number:** MP10785355 **Type of Loss:** Wind/Hail

| | | | |
|---|---|---|---|
| Date of Loss: | 8/24/2024 12:00 AM | Date Received: | |
| Date Inspected: | 6/24/2026 12:00 AM | Date Entered: | 7/3/2026 11:06 AM |

| | |
|---|---|
| Price List: | VAAR8X_JUL26<br>Restoration/Service/Remodel |
| Estimate: | INDIANA_FLOOR_INC |

**Applicable Building Codes enforced in Loudoun County, Virginia, including Sterling:**
- 2021 Virginia Uniform Statewide Building Code (USBC), effective January 18, 2024
- 2021 Virginia Construction Code (VCC), based on the 2021 International Building Code (IBC) with Virginia amendments
- 2021 Virginia Existing Building Code (VEBC), based on the 2021 International Existing Building Code (IEBC) with Virginia amendments
- 2021 Virginia Energy Conservation Code (VECC), based on the 2021 International Energy Conservation Code (IECC) with Virginia amendments
- 2021 Virginia Mechanical Code (VMC), based on the 2021 International Mechanical Code (IMC)
- 2021 Virginia Plumbing Code (VPC), based on the 2021 International Plumbing Code (IPC)
- 2021 Virginia Fuel Gas Code (VFGC), based on the 2021 International Fuel Gas Code (IFGC)
- National Electrical Code (NFPA 70), 2020 Edition, as adopted by the Commonwealth of Virginia
- 2021 Virginia Statewide Fire Prevention Code (VSFPC)
- ICC A117.1 2017 Accessible and Usable Buildings and Facilities, as adopted by the Virginia Uniform Statewide Building Code

**Exhibit 3**